# LAW OFFICES OF DAVID PALACE
383 KINGSTON AVE. #113
BROOKLYN, NY 11213
TEL: (347) 651-1077
FAX: (347) 464-0012
EMAIL: DAVIDPALACE@GMAIL.COM

---

January 18, 2017

VIA ELECTRONIC FILING

Hon. Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *Kleinman v. United Collection Bureau Inc*
            Docket No 1:16-cv-05742-RRM-JO

Dear Judge Mauskopf,

    I represent the plaintiff in the above-referenced matter. The defendant has filed a motion for a pre-motion conference for permission to file a motion to compel arbitration. The complaint alleges that Defendant violated the FDCPA in an attempt to collect a debt by sending a letter that states: "CITIBANK, N.A. will report forgiveness of debt as required by IRS regulations." Defendant's exact statement has just recently been found to be deceptive and misleading in violation of the FDCPA. See *Bautz v. ARS Nat'l Servs.,* No. 16-CV-768 (JFB) (SIL), 2016 U.S. Dist. LEXIS 178208 (E.D.N.Y. Dec. 23, 2016)

    Defendant contends the current FDCPA case is the subject of an arbitration agreement. Plaintiff contends that no such agreement to arbitrate exists. Plaintiff and defendant do not have any relationship at all other than the fact that plaintiff was a victim of defendant's abusive communications. The motion on this issue without discovery is premature and must be denied. First, Plaintiff denies any such an agreement between him and Citibank. Additionally, all parties agree that Plaintiff never entered into any agreement with United Collection Bureau and thus there can be no circumstance under which this matter can be referred to arbitration. Furthermore, Plaintiff is not suing Citibank rather Plaintiff is suing United Collection Bureau for its deceptive practices in violation of the FDCPA.

On a motion to compel arbitration, "the court applies a standard similar to that applicable to a motion for summary judgment." *Bensadoun v. Jobe-Riat,* 316 F.3d 171, 175 (2d Cir. 2003). Thus, "[i]f undisputed facts in the record require[] the issue of arbitrability to be resolved against the Plaintiff as a matter of law," then a district court must compel arbitration. Id. On the other hand, "[i]f there is an issue of fact as to the making of the agreement for arbitration, then [discovery and] a trial [are] necessary." Id. (citing 9 U.S.C. § 4). After the parties engage in discovery "a trial is warranted only if there exists one or more genuine issues of material fact regarding whether the parties have entered into such an agreement." *Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 118 (2d Cir. 2012) (citing *Opals on Ice Lingerie v. Bodylines Inc.*, 320 F.3d 362, 369 (2d Cir. 2002))

In this Circuit, courts apply a conjunctive two-part test to determine the arbitrability of claims, asking: "(1) whether the parties have entered into a valid agreement to arbitrate, and, if so, (2) whether the dispute at issue comes within the scope of the arbitration agreement." *In re Am. Express Fin. Advisors Sec. Litig.*, 672 F.3d 113, 128 (2d Cir. 2011). A party resisting arbitration on grounds that the arbitration agreement is invalid under a defense to contract formation, or that the arbitration contract does not encompass the party and claims at issue, bears the burden of proving such a defense and is entitled discovery. See *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 92, 121 S. Ct. 513, 148 L. Ed. 2d 373 (2000).

"Arbitration is strictly a matter of consent," and courts order arbitration of a dispute only when satisfied that the actual formation of the parties' arbitration agreement is not in issue. *Granite Rock Co. v. Int'l Bhd. of the Teamsters,* 561 U.S. 287, 130 S.Ct. 2847, 2857-58, 177 L. Ed. 2d 567 (2010). Granite Rock confirms that where a party challenges the very existence of the contract containing an arbitration clause, a court cannot compel arbitration without first resolving the issue of the contract's existence through discovery and trial.

In *Dedon GmbH v. Janus et Cie*, 411 F. App'x 361, 363 (2d Cir. 2011) The Second Circuit stated:

> Granite Rock reconfirms this circuit's well-established precedent that where a party challenges the very existence of the contract containing an arbitration clause, a court cannot compel arbitration without first resolving the issue of the contract's existence. See, e.g., Interocean Shipping Co. v. Nat'l Shipping & Trading Corp., 462 F.2d 673, 676 (2d Cir. 1972) (holding that, where the party resisting arbitration denied the very existence of the agreement setting out the arbitration provision, the district court could not compel arbitration without holding a trial on the issue of the contract's formation). "If the making of the agreement to arbitrate is placed in issue—as [the party resisting

arbitration] attempts to do by alleging that the contracts in which the arbitration provisions are found never came into existence—the court must set the issue for trial." Sphere Drake Ins. Ltd v. Clarendon Nat'l Ins. Co., 263 F.3d 26, 30 (2d Cir. 2001). See also Denney v. BDO Seidman LLP, 412 F.3d 58, 68 (2d Cir. 2005) (noting that the Second Circuit rule in Sphere Drake "protect[s] parties from arbitration only in those narrowly-limited circumstances where the very existence of a contract is in doubt"); Opals on Ice Lingerie v. Body Lines Inc., 320 F.3d 362, 369 (2d Cir. 2003) ("[T]hough the presumption in favor of arbitration is strong, the law still requires that parties actually agree to arbitration before it will order them to arbitrate a dispute."); Specht, 306 F.3d at 26 ("It is well settled that a court may not compel arbitration until it has resolved 'the question of the very existence' of the contract embodying the arbitration clause.") (quoting Interocean, 462 F.2d at 676). We agree with the district court, therefore, that because the existence of the agreement containing an arbitration provision is in dispute, [Plaintiff] cannot be compelled to arbitration without first resolving that issue.

On a motion to compel arbitration, "the court applies a standard similar to that applicable to a motion for summary judgment." *Bensadoun v. Jobe-Riat,* 316 F.3d 171, 175 (2d Cir. 2003). Thus, since plaintiff disputes, the existence of any such contract plaintiff is entitled to discovery just as he is entitled to discovery prior to summary judgment.

The plaintiff, in this case, claims there was no contract formation, in addition to the fact that that it would be impossible for any arbitration contract to encompass the parties and claims at issue. Plaintiff is entitled to prove this defense and is entitled discovery. Plaintiff never entered into any contract with the defendant and he challenges the very existence of the contract containing an arbitration clause, and the Second Circuit has found that a court cannot compel arbitration without first resolving the issue of the contract's existence. Therefore, because the existence of the agreement containing an arbitration provision is in dispute, Plaintiff must be entitled to discovery before any motion to compel or trial.

Plaintiff respectfully requests that the court deny the application for a pre-motion conference and instead set a discovery schedule limited to the existence of an arbitration agreement.

                                                  Respectfully Submitted,

                                                  LAW OFFICES OF DAVID PALACE

                                                  By:__s/David Palace_____

                                                  David Palace

cc: Adam P Hartley, Esq. (Via ECF)